IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR SUMTER COUNTY, FLORIDA

CASE NO.:

OUEYPORN CHOMPOO CASALE,

      Plaintiff,

v.

GABRIELLE PENNINGTON MCCALL,
JONATHAN KELLY MCCALL, and
PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Defendants.
_____/

## COMPLAINT

COME NOW Plaintiffs, OUEYPORN CHOMPOO CASALE, by and through the undersigned counsel and hereby sues Defendants, GABRIELLE PENNINGTON MCCALL, JONATHAN KELLY MCCALL, and PROGRESSIVE AMERICAN INSURANCE COMPANY ("PROGRESSIVE") as follows:

    1.    This action for damages exceeds the $30,000.00 jurisdictional requirements of this Court.

    2.    This Court has jurisdiction over the parties and subject matter of this action in that:

        (a) Defendants, GABRIELLE PENNINGTON MCCALL and JONATHAN KELLY MCCALL, are residents of the State of Florida,

        (b) Defendant, PROGRESSIVE, is an insurer doing business in Sumter

County, Florida by issuing policies of insurance to the citizens of Sumter County, Florida; and,

(c) The incident giving rise to the instant action occurred in Sumter County, Florida.

## FACTS COMMON TO ALL COUNTS

3. On or about May 13, 2020, Defendant, GABRIELLE PENNINGTON MCCALL, operated a motor vehicle, more specifically a 1998 Acura Integra, on US 441, near the intersection of NE 138TH LN, in Sumter County, Florida.

4. Defendant, JONATHAN KELLY MCCALL, was the owner of the 1998 Acura Integra.

5. At that time and place, Defendant, GABRIELLE PENNINGTON MCCALL, negligently operated and maintained the 1998 Acura Integra causing it to collide with the motor vehicle being occupied by Plaintiff, OUEYPORN CHOMPOO CASALE, who suffered injuries.

## COUNT I
## OUEYPORN CHOMPOO CASALE'S
## NEGLIGENCE CLAIM AGAINST GABRIELLE PENNINGTON MCCALL

6. Plaintiff realleges and incorporates herein by reference each and every factual allegation as contained in Paragraphs 1 through 5 as if fully set forth herein.

7. Defendant, GABRIELLE PENNINGTON MCCALL, negligently operated or maintained the 1998 Acura Integra causing it to impact the vehicle occupied by Plaintiff, OUEYPORN CHOMPOO CASALE.

8. As a direct and proximate result of the negligence of the Defendant, GABRIELLE PENNINGTON MCCALL, Plaintiff, OUEYPORN CHOMPOO CASALE, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The injuries to the Plaintiff are permanent and she will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, OUEYPORN CHOMPOO CASALE, demands judgment for damages against Defendant, GABRIELLE PENNINGTON MCCALL, including costs of this action, and further demands a trial by jury on all issues so triable, and for such other relief as this Court deems just and proper.

### COUNT II
### OUEYPORN CHOMPOO CASALE'S
### VICARIOUS NEGLIGENCE CLAIM AGAINST JONATHAN KELLY MCCALL

9. Plaintiff realleges and incorporates herein by reference each and every factual allegation as contained in Paragraphs 1 through 8 as if fully set forth herein.

10. That by virtue of being the owner of the 1998 Acura Integra, Defendant, JONATHAN KELLY MCCALL, is vicariously negligent to the same degree as Defendant, GABRIELLE PENNINGTON MCCALL.

11. As a direct and proximate result of the vicarious negligence of the Defendant, GABRIELLE PENNINGTON MCCALL, Plaintiff, OUEYPORN CASALE, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to

earn money. The injuries to the Plaintiff are permanent and she will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, OUEYPORN CHOMPOO CASALE, demands judgment for damages against Defendant, JONATHAN KELLY MCCALL, including costs of this action, and further demands a trial by jury on all issues so triable, and for such other relief as this Court deems just and proper.

## COUNT III
## PLAINTIFF, OUEYPORN CHOMPOO CASALE'S, CLAIM AGAINST DEFENDANT, PROGRESSIVE

12. Plaintiff realleges and incorporates herein by reference each and every factual allegation as contained in Paragraphs 1 through 11 as if fully set forth herein.

13. That prior to May 13, 2020, Defendant, PROGRESSIVE, issued an insurance policy bearing Policy Number 202847022 to Carl Casale. Said Policy was in full force and effect on the date of accident above, and provided coverage, under the circumstances of this case, for damages due to bodily injury to Plaintiff, OUEYPORN CHOMPOO CASALE, when said injury occurred as a driver of an "uninsured/underinsured motor vehicle" as that term is defined in that policy, and in Florida Statutes Chapter 627, or as it is otherwise defined by Florida Law. Plaintiff requested from Defendant, PROGRESSIVE, pursuant to Florida Statutes, Section 627.4137, a copy of the policy which existed at the time of the accident. Defendant, PROGRESSIVE, is in sole possession of the policy and thus it is not attached to this complaint.

14. That Plaintiff, OUEYPORN CHOMPOO CASALE, is "insured" as that term is used within the policy of insurance issued by Defendant, PROGRESSIVE, and by virtue of Plaintiff's right to recover damages, and the lack of insurance to be recovered by the

vehicle owned by Defendant, GABRIELLE PENNINGTON MCCALL, whose vehicle collided with the vehicle, Plaintiff, OUEYPORN CHOMPOO CASALE, occupied, is entitled to the uninsured motorist benefits provided by Defendant, PROGRESSIVE.

15. That Plaintiff, OUEYPORN CHOMPOO CASALE, has performed all conditions precedent to entitle Plaintiff to recover under said policy, and to maintain this instant action, but Defendant, PROGRESSIVE, refused to pay Plaintiff the full value of her claim.

16. Defendant, PROGRESSIVE, also issued an umbrella policy to CARL CASALE, policy number FLU79574, which may provide benefits to Plaintiff in connection with the incident on May 13, 2020 described herein, but has failed to pay Plaintiff any benefits under said policy. Defendant, PROGRESSIVE, is in sole possession of the umbrella policy and thus it is not attached to this complaint.

17. That as a direct and proximate result of the negligence of Defendant, GABRIELLE PENNINGTON MCCALL, Plaintiff, OUEYPORN CHOMPOO CASALE, sustained significant bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses described herein are permanent and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff OUEYPORN CHOMPOO CASALE, demands judgment for damages against Defendant, PROGRESSIVE, including costs of this action, and further demands a trial by jury on all issues so triable, and for such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, OUEYPORN CHOMPOO CASALE, demands a trial by jury on all issues.

RESPECTFULLY submitted this 11th day of February, 2021.

> */S/ Tiffany M. Faddis*
> TIFFANY M. FADDIS, ESQ.
> Florida Bar No. 630667
> Dan Newlin Injury Attorneys
> 7335 W. Sand Lake Road, Suite 300
> Orlando, FL 32819
> Phone/Fax: (407) 845-1756
> Attorneys for Plaintiff
> PRINCIPAL EMAIL ADDRESS:
> Tfaddispleadings@newlinlaw.com
> Personal Email Address:
> (NOT for Service of Pleadings and Documents):
> Tiffany.Faddis@newlinlaw.com
> Collin.Pitney@newlinlaw.com