IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OUEYPORN CHOMPOO CASALE,   Civil Action No.: 5:21-CV-326

    Plaintiff,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendant.
_____

### Motion to Remand Case to State Court Pursuant to Defendant's Affirmative Action Before Removal

Plaintiff, pursuant to Section 1446 of Title 28, hereby moves to remand this case to state Court because Defendant engaged in discovery and therefore waived its right to remove this case, and in support thereof, states as follows:

1. On May 20, 2021, this case became removable when Plaintiff dismissed Gabrielle and Jonathan McCall with prejudice.

2. Almost a month later, on June 18, 2021, Defendant Progressive American Insurance Company filed its Notice of Removal [Doc. 1].

3. Prior to filing its Notice of Removal [Doc. 1], on May 27, 2021, Defendant engaged in discovery by serving copies of documents. See Defendant's *Notice of Compliance with Plaintiff's Request for Copies*, attached hereto as Exhibit A.

4. Notably, four (4) days after this case became eligible for removal, Defendant affirmatively sought discovery in state Court by requesting copies from Mr. McCall and Mrs. McCall on May 24, 2021. See Notice, attached as Exhibit B.

5.     Defendant's failure to promptly remove this case and its engagement in discovery constituted a waiver of its removal right:

> Lapse of time is not the only way a defendant may lose its right to remove an action. A defendant may file an answer and affirmative defenses in state court without jeopardizing the right to remove the case, but when it takes affirmative actions to submit issues for determination, the defendant thereby evidences the intent to proceeding state court and waives its right of removal. Filing a motion to dismiss, a counterclaim, a motion to dissolve a temporary injunction, or even engaging in discovery have been held to constitute a waiver. As Judge Conway of the Middle District of Florida put it, the defendant should not 'dilly-dally' in state court while it decides whether it wants to proceed in federal court. *See Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F. Supp. 1060, 1063 (1996).

Lucas, Matthew C. "Diversity Jurisdiction Removal in Florida." *The Florida Bar 77,* no. 1 (January 2003) (citing Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co., 933 F. Supp. 1060, 1061–63 (M.D.Fla. 1996); Paris v. Affleck, 431 F. Supp. 878, 880 (M.D. Fla. 1977) (citations omitted).

**WHEREFORE**, Plaintiff requests this honorable Court remand this case to state Court, and for such further relief as this Court deems just and proper.

Dated:  July 2, 2021

        */s/ Ahmad S. El-Gendi*
        **Ahmad S. El-Gendi**
        Florida Bar No.: 119139
        **Tiffany Faddis, Esq.**
        Florida Bar No.: 630667
        Dan Newlin Injury Attorneys
        7335 W. Sand Lake Road Suite 300
        Orlando, FL 32819
        Phone: (407) 888-8000
        TFaddispleadings@newlinlaw.com

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties of record at the designated email addresses registered with the CM/ECF system.

/s/ *Ahmad S. El-Gendi*
Ahmad S. El-Gendi